IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROLYN PHILLIPS                                                                              PLAINTIFF

   v.                                          CIVIL NO. 11-2007

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Carolyn Phillips, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on October 23, 2008, alleging an inability to work since August 15, 2008, due to arthritis, residuals from rotator cuff surgery, a right wrist deformity, osteoarthritis in the left arm, thinning of the bones in the left arm from the elbow down, back pain, and knee pain. (Tr. 112, 116).  An administrative hearing was held on October 16, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 28-56).

By written decision dated April 7, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: left hand and wrist

pain secondary to degenerative changes, and right hand and wrist pain secondary to a wrist deformity. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a cashier-checker. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence denied that request on October 25, 2010. (Tr. 2-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7,8).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In making the RFC determination that Plaintiff could perform a full range of light work, the ALJ stated as follows:

> As for the opinion evidence, the State agency's medical consultant's assessment is that the claimant's impairments are non-severe. As previously discussed, I find that the claimant's impairments in combination are severe but essentially agree with the consultant's finding that the claimant is not disabled...

(Tr. 19). A review of the record reveals that on January 5, 2009, after examining the medical records, Dr. Ronald Crow opined that Plaintiff's impairments were non-severe. (Tr. 237). On February 27, 2009, after reviewing additional medical records, Dr. Lucy Sauer affirmed Dr.

AO72A
(Rev. 8/82)

Crow's assessment. (Tr. 242). The record is void of any other opinion from a medical professional regarding Plaintiff's capabilities.

A review of the medical evidence reveals that Plaintiff was diagnosed with a left knee sprain in June of 2009, four months after the most recent medical assessment of Plaintiff's impairments. (Tr. 247). After continued complaints of left knee pain, Plaintiff was referred to an orthopedic doctor, who in turn ordered an MRI of the knee in August of 2009, which revealed Plaintiff had a lateral femoral condyle contusion. (Tr. 266). The ALJ referred to this MRI in her decision and stated as follows:

> While I recognize that the claimant may have suffered some limitations as a result of injuring her knee, this type of injury heals within a few months and as a result I find that this is not a severe impairment.

(Tr. 18). The record reveals that Plaintiff continued to complain of left knee pain that was exacerbated by standing, climbing stairs, and squatting.[1] (Tr. 284). The record revealed that Dr. Robert H. May offered to perform an arthroscopy of her left knee as she had been hurting for a long time. (Tr. 285).

The Court questions the ALJ's finding regarding Plaintiff's knee impairment, as there is no medical evidence indicating a time frame for the healing process of Plaintiff's knee. It appears in this instance that the ALJ looked at the diagnosis and determined on her own, without the benefit of a medical professional's opinion, that Plaintiff's left knee injury would heal within months. See Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports). As there is no medical opinion regarding the impact of

---

[1] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. (Tr. 5.) See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

-5-

Plaintiff's left knee impairment with regard to her physical capabilities, the undersigned questions how the ALJ came to the conclusion that Plaintiff could perform light work. After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. The ALJ may also order a consultative orthopedic examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

AO72A
(Rev. 8/82)

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of February 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)