IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROLYN PHILLIPS                                                                                    PLAINTIFF

v.                                         CIVIL NO. 11-2007

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                    DEFENDANT

**O R D E R**

  Plaintiff, Carolyn Phillips, appealed the Commissioner's denial of benefits to this Court. On February 9, 2012, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10). Plaintiff now moves for an award of $5,712.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 33.60 attorney hours of work before the Court at an hourly rate of $170.00 for work performed in 2010, 2011, and 2012. (Docs. 11). Defendant filed a response to Plaintiff's application, objecting to certain hours claimed. (Doc. 13).

  Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $170.00 for 33.60 hours of work performed in 2010, 2011, and 2012, which she asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel referenced the CPI in support of her requested hourly rate. The Court will therefore award Plaintiff's counsel an hourly rate of $170.00.

We next address the number of hours Plaintiff's counsel claims she spent working on this case. Defendant argues that some of the time submitted by Plaintiff's counsel should be deducted as it could have been performed by support staff. Specifically, Defendant argues that 9.15 hours claimed by Plaintiff's counsel on December 1, 2010, December 2, 2010, December 7, 2010, December 29, 2010, January 12, 2011, January 18, 2011, February 11, 2011, February 23, 2011, February 25, 2011, April 7, 2011, April 12, 2011, May 1, 2011, June 17, 2011, August

4, 2011, August 9, 2011, September 23, 2011, November 4, 2011, November 15, 2011, November 17, 2012, January 3, 2012, February 9, 2012, and February 12, 2012, should be deducted, as it could have been performed by support staff. <u>Granville House, Inc. v. Department of HEW</u>, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court has reviewed the submissions on the above referenced dates, and finds that the 0.50 hour claimed on January 12, 2011, to calendar deadlines and receive routine ECF e-mails, and the 0.20 hour claimed on April 4, 2011, to confirm that all green cards were back and to calendar deadlines, are not compensable under the EAJA, as this could have been performed by support staff. The Court further finds that the 0.50 hour claimed on January 17, 2012, to perform a periodic review of the file, is excessive and will be deducted as Plaintiff's counsel had reviewed the file on September 23, 2011, and November 15, 2011. Finally, the Court finds Plaintiff's counsel's claim for 1.50 hour on February 9, 2012, to read the six page opinion to be excessive, and will deduct 0.50 hour. Accordingly, the Court deducts 1.70 hour from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 2.25 hours on May 8, 2012, to prepare the EAJA motion and brief. The Court finds the time sought for the preparation of a routine EAJA motion and brief to be excessive, and will therefore deduct 0.25 hour from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 3.00 hours on November 28, 2010, and January 9, 2011, to review the unfavorable decision twice, to review the file, and to prepare the Complaint. The Court finds that some of the requested time to review the file appears to be excessive and

AO72A
(Rev. 8/82)

duplicative. Accordingly the Court will deduct 1.00 hours from the total compensable time sought by counsel.

Based upon the foregoing, the Court finds that Plaintiff should be awarded attorney's fees under the EAJA for: 30.65 attorney hours (33.60-2.95) at a rate of $170.00 per hour, for a total attorney's fee award of $5,210.50. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 20th day of August, 2012.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)